UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LOUREECE STONE CLARK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OAKLAND POLICE DEPARTMENT, et al., <br><br> Defendants. | Case No. 24-cv-07982-LB <br><br> **SCREENING ORDER** <br> Re: ECF No. 1 |

## INTRODUCTION

The plaintiff Loureece Stone Clark, who represents himself and is proceeding in forma pauperis, sued the Oakland Police Department and others. Generally he alleges violations of the Supremacy and Takings Clauses of the United States Constitution, possibly by his participation in court proceedings and possibly with reference to a Wells Fargo Bank account, and also references a breach of contract and a violation of 8 U.S.C. § 2333, which allows victims of international terrorism to file a suit in federal court to recover damages for their injuries.[1] Before directing the United States Marshal to serve the defendant with the complaint, the court must screen it for

---

[1] Compl. – ECF No. 1 at 1; Civil Cover Sheet – ECF No. 1-1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-07982-LB

minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court issues this screening order to give the plaintiff notice of the deficiencies in his lawsuit and an opportunity to cure them by January 13, 2025, by filing a supplement to his existing filing. Primarily, the deficiencies are (1) the need to explain whether a separate person named Lionel Tanner really is a plaintiff and, if so, provide information about a real-estate asset in his financial affidavit, and (2) the need to explain more plainly the basis for the claims.

**STATEMENT**

The first page of the complaint asks the court to "take notice of this cause of action in this NOTICE OF VIOLATION OF SUPREMACY CLAUSE AND THE TAKEN [presumably, Takings] CLAUSE WITHOUT DUE PROCESS in this matter of my submission." The caption lists as defendants the Oakland Police Department (et al.), Mauricio Torres (et al.), Jessica Marr (et al.), and Christopher Buckhout (et al.). He claims a violation of the Supremacy Clause, possibly based on contracts, styles it as a jurisdictional challenge, and claims "a clear violation of Loureece Stone Clark['s] unalienable rights through court orders, agreements, and mismanagement of trust assets with no jurisdictional authority. This evidence supports my claim without prejudice." He also references 8 U.S.C. § 2333.[2]

The next page demands $1.6 million (seemingly to be paid to the plaintiff from the Oakland Police Department) and has a copy of Officer Buckout's card. (The next page is the back of the card.)[3] The next pages are a fee schedule, apparently created by the plaintiff, that lists fees that are "mandated" for his various interactions with the legal system: for example, $75,000 per hour for his appearances in court "under protest and duress," $10,000 per hour for appearing voluntarily, and $5 million for each of various DNA tests.[4] The pages that follow consist of documents created by the plaintiff: (1) an equitable security agreement purporting to grant the secured party (the "Loureece Stone Clark Trust") a secured interest in the debtors' property (the "Loureece Stone

---

[2] Compl. – ECF No. 1 at 1; Civil Cover Sheet – ECF No. 1-1.

[3] Compl. – ECF No. 1 at 2–3; Civil Cover Sheet – ECF No. 1-1.

[4] Compl. – ECF No. 1 at 4–10.

Clark Living Trust") (signed by the plaintiff in his capacity as representative for each entity);[5] (2) an affidavit of correction for erroneous public records (referencing the "Kingdom of Heaven on Earth in Exclusive Equity on Ancestral Land") (also signed by the plaintiff);[6] (3) an affidavit of fact purporting to address his lien over a Wells Fargo Bank (account number 10474216590);[7] and (4) other documents related to records for that account, disclosing information about it, documenting his non-waiver of rights, and the like.[8]

The complaint lists only the plaintiff and related entities (for example, Clark Legal Services and the Loureece Stone Clark Trust).[9] The court granted the plaintiff's application to proceed in forma pauperis, reserving the question of service.[10] The civil cover sheet also listed Mr. Clark and his entities as plaintiffs (typed) and struck out a handwritten notation that Lionel Eugene Tanner Jr. was a plaintiff.[11]

An application to proceed in forma pauperis was submitted by Lionel Tanner and lists as plaintiffs Mr. Clark (and entities bearing his name, like the Trust), Lionel Tanner, and the estate of Lionel Eugene Tanner Jr.[12] It lists as assets a pension of $915 per month, income from "roommate rental" of $400, and a home with an estimated market value of $980,000. Monthly expenses are $445. His bank account has a balance of $1328.[13] In answer to the question, "Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits," Mr. Tanner

---

[5] *Id.* at 11–14.

[6] *Id.* at 15–21.

[7] *Id.* at 22–24.

[8] *Id.* at 25–29.

[9] *Id.* at 1.

[10] Appl. – ECF No. 2 (listing no assets).

[11] Civil Cover Sheet – ECF No. 1-1.

[12] Appl. – ECF No. 6 at 1.

[13] *Id.* at 2–3.

answered "Yes" and lists ten cases by case number and "5 more, all related."[14] He attaches documents showing some of those lawsuits.[15]

One case is *Carey v. Mauricio Torres*, C 24-07354 TSH.[16] That case involves a claim for damages against Mauricio Torres, a defendant here, stemming from unlawful-detainer actions he filed in state court. Order, *Carey*, No. C 24-07354 – ECF No. 5 (identifying deficiencies in complaint); *see also* Order, *Torres v. Carey*, No. 24-cv-07131-TLT (LB) – ECF No. 36 (remanding unlawful-action to state court); R. & R., *Torres*, No. 24-cv-07131-TLT (LB) – ECF No. 28 (recommending remand and referencing earlier unlawful detainer). Mr. Tanner also is a removing defendant in two cases, both against Mr. Torres, and both involving unlawful-detainer actions. Order, *Torres v. Tanner*, No. 24-cv-04703-AGT – ECF No. 14 (granting motion to remand filed at ECF No. 6 and challenging removal of unlawful-detainer action for lack of jurisdiction); Order, *Torres v. Tanner*, No. 24-cv-07353-TLT – ECF No. 12 (case also involves Cecilia Carey).

The court's electronic docketing system shows that the plaintiff has filed many cases in this district, one in 2019, many in 2022, and one in 2023, all filed when the plaintiff was in custody.[17] The last filing before this case was in 2023, when the plaintiff was a detainee at the Napa State hospital. The court there referenced the plaintiff's twelve earlier cases and dismissed the case, which involved conduct in Marin County. Order, *Clark v. Soc. Sec. Admin.*, No. 23-cv-00967-JSC – ECF No. 4 at 1.

## ANALYSIS

There are two issues: (1) whether Mr. Tanner is a plaintiff and, if so, the sufficiency of his financial affidavit and (2) Mr. Clark's present failure to state a claim.

---

[14] *Id.* at 4.

[15] *Id.* at 12–41.

[16] *Id.* at 12.

[17] The cases can be accessed by running a party query in CM/ECF.

**1. IFP Affidavit**

Federal law requires a party initiating a civil lawsuit in federal court to pay a $350 filing fee and a $55 administrative fee for a total of $405. 28 U.S.C. § 1914(a); *see also* Dist. Ct. Fee Schedule Summ. (Dec. 1, 2023), https://www.cand.uscourts.gov/about/clerks-office/court-fees/ (issued pursuant to 28 U.S.C. § 1914(b)).

"Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action." *La Douer v. U.C.S.F.*, No. 15-cv-02214-MEJ, 2015 WL 4323665, at *2 (N.D. Cal. July 15, 2015) (citing 28 U.S.C. § 1915(a)(1)). "The policy for allowing a plaintiff to proceed IFP is to protect litigants from abandoning 'what may be a meritorious claim in order to spare himself complete destitution.'" *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948)). "However, 'court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process.'" *Id.* (cleaned up) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984)).

"To determine IFP eligibility, an applicant must 'submit an affidavit that includes a statement of all assets' showing that the applicant 'is unable to pay such fees or give security therefor.'" *Id.* (cleaned up) (quoting 28 U.S.C. § 1915(a)(1)). "To satisfy this requirement, 'an affidavit of poverty is sufficient which states that one cannot because of his or her poverty pay or give security for costs and still be able to provide himself and dependents with the necessities of life.'" *Id.* (cleaned up) (quoting *Adkins*, 335 U.S. at 339). "The Ninth Circuit has held that a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (cleaned up) (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)). "The Court has discretion to make a factual inquiry into an IFP applicant's financial status and to deny the application where the applicant is unable or unwilling to verify his or her poverty." *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Courts have denied IFP status where plaintiffs have provided incomplete information about their financial status or failed to clearly disclose their income and assets. *See id.* at *2–3 (citing cases).

Mr. Clark qualifies financially to proceed in forma pauperis. But as discussed in the Statement, Mr. Tanner is not named in the complaint and only asserts himself as a plaintiff in his financial affidavit, which lists as an asset a home worth close to a million dollars. The court asks the plaintiff to provide a short statement about whether Mr. Tanner is a part of this lawsuit. If he is, then Mr. Tanner must submit a short supplemental declaration explaining what the real-estate asset is, is it unencumbered, and does it reflect assets actually available to him. Alternatively, Mr. Tanner can pay the $405 filing fee. The deadline is January 13, 2025, for either the supplemental submissions or the payment of the filing fee.

## 2. Sua Sponte Screening – 28 U.S.C. § 1915(e)(2)

The court also cannot tell what the plaintiff complains about and what relief he seeks.

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint

include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

Federal courts are courts of limited jurisdiction. *E.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville*

*Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff must show federal jurisdiction. *See, e.g.*, *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). There is federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. *Id.* § 1332(a). The Supreme Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The complaint does not state a legally cognizable claim or facts that may support one. The allegations do not obviously support a federal takings claim or a violation of the Supremacy Clause. The plaintiff cited 8 U.S.C. § 2333, which allows victims of international terrorism to sue in federal district court for their injuries, but no facts support that claim either. Otherwise, violations of state law are not cognizable in federal court when, as here, the parties are not diverse: the plaintiffs and the defendants are citizens of California. In any event, the facts do not support a claim for breach of contract. The plaintiff does not need to explain the law, but he must explain the facts: what happened, who did it, and why he thinks he is entitled to relief for what happened. If Mr. Tanner is a plaintiff, he must do the same. This should be done in a supplement to the existing file (not a new complaint). It must be submitted by January 13, 2025. A failure to do so may result in a recommendation for dismissal of the case.

## CONCLUSION

The updated submissions — a declaration about the real-estate asset or the payment of the $405 filing fee (for Mr. Tanner) and a supplemental submission with the facts about what happened, who did it, and what relief the plaintiffs want (for Messieurs Clark and Tanner) — are due by January 13, 2025. The plaintiffs should not file a new complaint and instead should file only a supplement with new facts. Alternatively, if the plaintiffs agrees that they cannot state a

federal claim, they can file a one-page statement to dismiss the case without prejudice. That will allow them to pursue any viable state claims in state court. A failure to file the information by January 13, 2025, may result in the reassignment of the case to a district judge and a recommendation that it be dismissed.

**IT IS SO ORDERED.**

Dated: December 16, 2024

LAUREL BEELER
United States Magistrate Judge