UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OAKLAND POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 24-cv-07982-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION**<br><br>Re: Dkt. No. 10 |

On January 17, 2025, Magistrate Judge Laurel Beeler issued a Report and Recommendation that I dismiss this case. Dkt. No. 10. The deadline for objections has passed and none was filed. Having reviewed the record, I agree with Judge Beeler's Report and Recommendation, adopt it in full, and DISMISS this case.

Because plaintiff Loureece Stone Clark ("Clark") is proceeding in forma pauperis, Judge Beeler initially screened the case under 28 U.S.C. § 1915(e)(2)(B). She issued a comprehensive order identifying deficiencies in the complaint.[1] Dkt. No. 8 (Screening Order). Judge Beeler explained, among other things, that Clark needed to (1) explain whether a separate person named Lionel Tanner (a non-party who also filed a motion to proceed in forma pauperis in the case) was really a plaintiff and, if he was, provide more context for the documents that Tanner attached to Clark's complaint, and (2) more plainly explain the basis for Clark's claims, which appear to assert that the defendants unlawfully detained Clark but lack any concrete details or theory of liability. *Id.* Judge Beeler allowed Clark until January 13, 2025, to supplement the record with

---

[1] As Judge Beeler noted, the court's electronic docketing system shows that Clark has filed many cases in this district—one in 2019, several in 2022, and one in 2023, all filed when Clark was in custody.

this information.

Clark did not do so. Instead, he filed a document called "Emergency Motion for Relief from Judgment" that did not provide any of the necessary information requested by Judge Beeler. The "Motion" consists of a copy of the Screening Order with handwritten corrections to a statute and the words "FATAL ERROR" highlighted next to Judge Beeler's signature. There is also a signature, apparently by Tanner, with the words "Without Prejudice" expressed. The purpose of this filing is unclear, although it appears that Clark disagrees with Judge Beeler's Screening Order.

Clark also attached documents related to the non-party, Tanner. Again, none was responsive to Judge Beeler's direction. *Id.* Those documents included what appeared to be a federal habeas petition referencing Tanner's arrest for a misdemeanor in Alameda County and a detention certificate showing that Tanner was detained on December 20, 2024, and released on December 23, 2024, without charges being filed, and various other papers related to Tanner's criminal history. *Id.* It is again unclear why the documents related to Tanner were attached. As Judge Beeler observed, Tanner is not in custody, and therefore has no basis to file a 28 U.S.C. § 2255 petition. *See* Dkt. No. 10 at 2:8-3:8. Clark has not filed information about Tanner that would allow the court to determine whether Tanner is able to proceed as a plaintiff with Clark in this action.

In light of Clark's failure to respond to the deficiencies identified by Judge Beeler in the Screening Order or to explain why Tanner should be allowed to proceed as a plaintiff with him, as well as Clark's failure to object to the Report and Recommendation, this case is DISMISSED.

**IT IS SO ORDERED.**

Dated: February 4, 2025

William H. Orrick
United States District Judge